IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| THOMAS J. KUNA-JACOBS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-1033 |
| JUDGE ZACHARY SCHMIDT, | ) |
| Defendant. | ) |

## MERIT REVIEW OPINION

RICHARD MILLS, United States District Judge:

Thomas J. Kuna-Jacobs has filed a *Pro Se* complaint under 42 U.S.C. § 1983, alleging his civil rights were violated.

Kuna-Jacobs moves to proceed *in forma pauperis* and requests the appointment of counsel.

This is a merit review of the *Pro Se* Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

Section 1915(e)(2) requires the Court to dismiss the case if, *inter alia*, the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *See Turley v. Rednour*, 729 F.3d

1

645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

To assert a claim under § 1983, "the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state . . . law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Kuna-Jacobs, an Illinois citizen, alleges Greene County Presiding Judge Zachary Schmidt violated his civil rights when he committed "public slander to the reputation of Plaintiff." Specifically, Kuna-Jacobs alleges that Defendant "did without due cause or justification cause to be published in the Greene Prairie Press a notice that plaintiff was in 'direct civil contempt'" and wanted by the court. Moreover, Kuna-Jacobs was charged with direct civil contempt. Kuna-Jacobs states that the proceedings were terminated in his favor in a manner indicating he was innocent. There was no cause to claim he was in direct civil contempt. As a result of this conduct, Kuna-Jacobs states that his reputation was besmirched.

Kuna-Jacobs's only allegation is that Defendant slandered him and damaged his reputation. However, slander is not actionable under § 1983. *See Paul v. Davis*. 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this

case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."); *see also Batagiannis v. W. Lafayette Cmty. School Corp.*, 454 F.3d 738, 742 (7th Cir. 2006) (stating that there is no constitutional right to be free from defamation). Accordingly, there is no jurisdiction under 28 U.S.C. § 1331.

Additionally, there is no diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 in this case. Kuna-Jacobs identifies himself as a citizen of Illinois. The Defendant, as a Greene County Judge, undoubtedly is a citizen of Illinois. Federal jurisdiction does not exist over a slander action between two citizens of the same state.

Even upon accepting the allegations of the complaint as true, the Court must conclude that Kuna-Jacobs has not stated a cognizable federal claim. Accordingly, the Court will dismiss the complaint for failure to state a claim.

Ergo, this case is Dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The Clerk will terminate any pending motions and enter Judgment.

ENTER: February 16, 2022

    FOR THE COURT:

                            /s/ *Richard Mills*
                            Richard Mills
                            United States District Judge